## S. C. THOMPSON, PLAINTIFF, *v.* N. B. HOLBROOK, DEFENDANT.

TOWN LOTS—OCCUPANCY.—In order to entitle a person to a deed for lots or lands in the city of Lewiston from the mayor of the city, he must be an occupant thereof, and the occupancy must consist of an actual residence thereon according to its legal subdivision into lots, blocks, etc.; an inclosure of the subdivision or a part thereof, or some permanent improvement thereon at the time of his application for the deed.

IDEM—OCCUPANCY.—An occupancy of one legal subdivision does not draw to it another legal subdivision, though contiguous to or immediately adjoining it.

IDEM—IMPROVEMENTS—ABANDONMENT.—If a person has at one time been an occupant of a lot within the meaning of the law, by erecting an inclosure around it, but before his application for a deed has suffered such inclosure to be destroyed by freshets or taken away by tenants, so as to leave the lot open to the public, he shall be deemed to have abandoned it, and another person may enter thereon and become an occupant, so as to entitle him to a deed from the mayor.

CERTIFIED from the district court of the first judicial district, Nez Perce county.

39

No attorneys of record.

HOLLISTER, C. J., delivered the opinion. CLARK, J., concurred.

This is a case adjourned from the district court by Nez Perce county, on doubtful questions and principles of law, and the only question to be determined is, which of the parties is entitled to a deed from the mayor of the city of Lewiston, for certain lots in said city, described in the pleadings. Both parties claim to be *bona fide* occupants of the lots in question, and entitled to deeds therefor under the provisions of an act entitled "An act to provide for the survey, platting, and disposal of the land in the city of Lewiston, Nez Perce county, Idaho territory, pursuant to the United States statutes made and provided," approved January 8, 1873, and both have filed their applications to the mayor for deeds under it, the defendants being first in point of time.

It appears from the evidence that the plaintiff purchased in November, 1866, of A. H. Robie, a tract of land described by metes and bounds, embracing the lots in controversy, to wit, lots 5 and 8, in block 6, as afterwards surveyed, and that at the time of the purchase there was a sawmill on the land, but on what portion it does not appear, which was afterwards removed. The plaintiff testifies that he caused the tract to be fenced in, and that it was only a short time since last spring (1875), that he had notice that defendant claimed the property.

The evidence shows that plaintiff rented, to one Holt, his house, standing on lot 6, in the same block, and that Holt, during the first year of his occupancy, cultivated the "big lot," as he termed it, to wit, the premises in controversy, and that plaintiff furnished the seed. Before the expiration of Holt's tenancy most of the fence which plaintiff had built on the tract was swept away by a freshet, and when defendent entered upon the lots, there were but few posts standing thereon, that they were open to the public, and were used for camping grounds by teamsters. While in this condition, the defendant took possession of the lots in

April, 1874, and fenced them in, and has continued to oc-
cupy them since. Lot 6, on which the house of plaintiff
stands, was fenced in separately, after the freshet, and was
occupied by tenants.

Section 1 of the act referred to provides that the mayor
shall cause to be made and filed in his office, a plat of the
land, divided into blocks and lots, to such an extent as may
by him be deemed requisite, and into divisions of acres
and parts of acres at his discretion, the exterior lines of the
remaining part of said land shall be run, marked, and
platted on the plat of the city.

It is provided in section 3 of the act, that the claimants of
title to such portions of the land as shall be claimed by
them shall state that they are *bona fide* occupants of the de-
scribed portion of the land and the lots, and fraction of lot
or lots, block or blocks, and fraction of block or blocks,
acre or acres, or fraction of acre or acres included in each
claim, and in what said occupancy consists, which shall be
either actual residence thereon, inclosure, or some perma-
nent improvement on some portion of the lot or lots, block
or blocks, acre or acres, or the fraction of the same lying
contiguous, and describe such land and the improvements
thereon, in said application, in accordance with the plat of
said land as recorded in the county recorder's office, etc.

It is evident from this provision of the act, that a person,
to be entitled to a deed from the mayor for a lot, block, or
portion of the land embraced in the town-site of the city of
Lewiston, must be an occupant within its meaning, and that
such occupancy must consist of an actual residence on the
portion claimed, according to its legal subdivision of lots,
blocks, acres, or fractions thereof, or by an inclosure or
some permanent improvement thereon at the time of the
application, and that such occupation on one legal subdi-
vision does not draw to it another subdivision, though ad-
joining or contiguous thereto. If the legal subdivision be
a lot, and it is only occupied by the claimant in the mode
prescribed, this gives the claimant no right to an adjoining
lot, and so of blocks, fractional blocks, acres, etc. If the
occupancy embraces more than one lot in the same block,

the claimant would be entitled to a deed for the whole, and so of blocks, acres, etc., with this limitation, perhaps, that where a street intervenes between blocks, lots, etc., the claim can not go over or beyond it.

In this view of the law, I think the plaintiff is not entitled to a deed. It is true at one time he was an occupant of the lots in question, within the meaning of the law, but this was before the survey and platting of the town-site into lots, blocks, etc., and before the defendant took possession, he had ceased to be an occupant, inasmuch as the lots were not inclosed nor were there permanent improvements thereon, neither did he reside on either of them. In fact, as the evidence shows, they had become vacant, and were open to the use and occupancy of any one who might choose to go thereon, and that in contemplation of law the plaintiff had abandoned them and relinquished all claims he might have had to them by reason of his purchase from Robie, and his inclosure after the purchase.

This being the proper view of the case so far as it relates to the plaintiff's right, it necessarily follows that the defendant had the legal right to take possession of the lots and to make the improvements required by the law to entitle him to a deed. This he has done. The judgment of the court therefore is, that the cause be remanded to the district court of Nez Perce county, with directions to enter a decree that the defendant is entitled to a deed from the mayor of Lewiston, for the lots in controversy, and that the plaintiff be restrained from setting up any claim thereto, as against the rights of the defendant. It is further ordered that the plaintiff pay the costs of the proceedings in this court.